IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| FRANCISCO JAVIER ESTRADA,<br><br>              Petitioner,<br><br>    v.<br><br>CAROL HOLINKA, Warden<br><br>              Respondent. | OPINION AND<br>ORDER<br><br>10-cv-465-slc[1] |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Francisco Javier Estrada, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner contends that he lost good time credits at a disciplinary hearing that was held in violation of 28 C.F.R. § 541.15(a) and (b) and without due process of the law. Petitioner asks for reinstatement of the good time credits lost and expungement of the related incident from his disciplinary record.

      Because petitioner's allegations show that the challenged hearing satisfied the minimum requirements of due process and federal law, he has failed to show that he is in custody in violation of the Constitution or laws of the United States as required under §

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

2241. Therefore, I will deny the petition and dismiss this case.

The following allegations of fact are drawn from petitioner's petition and the documents attached to it.

ALLEGATIONS OF FACT

At all times relevant to the petition, petitioner was incarcerated at the Federal Correctional Institution in McKean, Pennsylvania.

On September 23, 2009, 212 inmates were involved in a riot, sparked by gang rivalry, in the recreation yard. When the inmates refused staff orders to stop their actions, staff deployed gas bombs and plastic bullets. Once the incident was under control, all inmates in the recreation yard were put on the ground and cuffed in the location in which they were found at the end of the incident. Staff member Sandra Keppel identified each inmate and recorded his exact location.

On October 9, 2009, petitioner received an incident report charging him with participation in the September 23 riot. In particular, the report stated that after an investigation completed on October 8, 2009, staff "became aware" that petitioner had participated in a "large scale group disturbance." The incident report stated that video surveillance and positive staff identification placed petitioner near the volleyball court with a group of inmates that refused staff orders and participated actively in the incident. According to the report, evidence showed that all inmates near the volleyball court had

participated in the incident. The incident report cited two prison code violations, namely Refusing to Obey the Order of any Staff Member (Code 307) and Conduct which Disrupts and Interferes with the Security and Orderly Running of a BOP Facility (Code 199).

On October 9, 2009, a Lieutenant Glenn investigated the charges. Relying on the incident report and petitioner's statements that he was required to participate in the incident because he was a member of a Hispanic group known as "Paisa," Lieutenant Glenn referred his investigation report to the unit disciplinary committee.

On October 13, 2009, the unit disciplinary committee held the initial hearing on the report. The committee referred the charges to the disciplinary hearing officer, recommending that petitioner lose good time credits, be placed in disciplinary segregation and receive a disciplinary transfer. Also on October 13, petitioner was given notice of the disciplinary hearing and the rights afforded to him for the hearing. He waived his right to have a written copy of the charges at least 24 hours before appearing before the disciplinary hearing officer and indicated that he did not wish to have a staff representative or any witnesses at the hearing.

The disciplinary hearing took place on the same day, October 13, 2009. The disciplinary hearing officer found petitioner guilty of the charged misconduct and imposed a loss of 40 days of good time credit, 60 days of disciplinary segregation and a disciplinary transfer. The hearing officer relied on the reporting officer's written account in the incident report that identified petitioner as a participant in the incident. The hearing officer also

3

considered petitioner's defense that he stayed on the basketball court and did not participate in the incident. However, the hearing officer found petitioner's defense to be contradictory to the surveillance video evidence, which showed that all the inmates on the basketball court at the start of the incident ran off the court to chase after African American inmates and all the inmates who did not participate in the incident went to other areas in the recreation yard, not to the basketball or volleyball courts. Also, the hearing officer relied on petitioner's statements to Lieutenant Glenn that petitioner was required to participate in the incident because he was a member of a Hispanic group.

## DISCUSSION

A prisoner's challenge to loss of good time credits is properly raised under 28 U.S.C. § 2241. <u>Jackson v. Carlson</u>, 707 F.2d 943, 946 (7th Cir. 1983). Under § 2241, district courts may grant relief to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." Petitioner contends that his good time credits were taken away unlawfully because the manner in which his disciplinary hearing was conducted violated two federal regulations. Also, petitioner contends that the Federal Bureau of Prisons violated his right to procedural due process.

### A.  <u>Federal Procedural Rules</u>

I have noted previously that claims for violations of federal statutes or even

4

regulations may be brought under § 2241.  DeRoo v. Holinka, 2008 WL 3981843, at *3 (W.D. Wis. Aug. 22, 2008) (citing Waletzki v. Keohane, 13 F.3d 1079 (7th Cir. 1994)). However, habeas corpus does not allow a remedy for harmless or technical violations. Waletzki, 13 F.3d at 1081.  Thus, it cannot be used for claims that, if brought for money damages, "might get the plaintiff a few dollars, or even just a few cents."  Id. (citations omitted).

1.  28 C.F.R. § 541.15(a)

Petitioner contends that the bureau violated 28 C.F.R. § 541.15(a), which requires staff to give an inmate a written copy of any charges against him or her "ordinarily within 24 hours of the time staff became aware of the inmate's involvement in the incident." Petitioner alleges that he was not given a copy of the written charges for violating codes 105, 199 and 307 within 24 hours after staff became aware of his involvement in the incident. However, the incident report states that petitioner was charged with violating codes 199 and 307.  The incident report also states that on October 8, 2009, at 4:00 p.m., staff "became aware" that petitioner participated in the incident, and it lists October 9, 2009, at 12:48 p.m. as the date the report was delivered to petitioner.  Because the evidence submitted by petitioner shows that the incident report was delivered to him within 24 hours after staff became aware of his involvement in the incident, he has failed to prove that this procedural rule was violated.

Even if the regulation had been violated, the violation would be nothing more than a "technical" violation. The regulation states that the written copy of the charges must be given to an inmate "*ordinarily* within 24 hours of the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(a) (emphasis added). This language does not require staff to provide a copy of the charges to an inmate within 24 hours. Further, the timing of petitioner's receipt of the written charges did not prevent him from participating in the disciplinary hearing process.

Finally, it appears that petitioner misunderstands the specific charges against him. He alleges that he never received a written copy of the charge for violating code 105. Even though the disciplinary hearing report states that the offense codes were "199 (Most like Code 105) / 307," and the summary of the charges was "Conduct Which Disrupts and Interferes With Security and Orderly Running of BOP Facility (Most Like Rioting) / Refusing An Order," neither the disciplinary hearing report nor the incident report states that petitioner was actually charged with a code 105 violation. Rather, the reference to code 105 is to explain the nature of the code 199 violation. Thus, because petitioner was not charged with a violation of code 105, he did not have a right under the federal regulation to receive a written copy of a code 105 violation charge. I conclude that petitioner has failed to show that a violation of this procedural rule was anything more than technical or that the violation even occurred.

2. 28 C.F.R. § 541.15(b)

Petitioner contends that the bureau violated 28 C.F.R. § 541.15(b), which requires initial hearings to be held "ordinarily within three work days from the time staff became aware of the inmate's involvement in the incident." Petitioner alleges that his initial hearing was not held within three working days. However, the incident report states that staff became aware of petitioner's involvement in the incident on October 8, 2009. The unit disciplinary committee action report states that the initial hearing took place on October 13, 2009. Because the federal regulation's three work day period "excludes the day staff became aware of the inmate's involvement in the incident, weekends, and holidays," 28 C.F.R. § 541.15(b), October 13 was no more than three working days from October 8. Thus, petitioner has failed to prove that this procedural rule was violated.

Again, even if this regulation was violated, it would be a "technical" violation. The regulation requires the initiation hearing to be held "*ordinarily* within three work days from the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(b) (emphasis added). The regulation does not mandate that the initial hearing be held within three work days, and petitioner has not shown that the timing of the initial hearing injured him by preventing him from participating in the disciplinary hearing process.

B. Due Process

Petitioner asserts several due process violations. Petitioner contends that (1) he was

7

denied the opportunity to be heard and defend against statements that were taken out of context by the disciplinary hearing officer; (2) he was found guilty of the charges because of his association with a Hispanic group; (3) he was denied access to an exculpatory surveillance video; and (4) the disciplinary hearing officer considered evidence beyond her discretion. After a closer review of petitioner's due process allegations, I conclude that his claims come down to two: whether the disciplinary hearing officer's decision was based on sufficient evidence and whether petitioner had an opportunity to present evidence in his defense.

Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights mandated for such proceedings. Wolff v. McDonald, 418 U.S. 539, 556 (1974). However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in his defense, when doing so is consistent with institutional safety and correctional goals; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 454 (1985); McPherson v. McBride, 188 F.3d 784, 785-86 (7th Cir. 1999). The findings of the factfinder must be supported by "some evidence in the record." Hill, 472 U.S. at 454. To decide whether a prison disciplinary hearing has met this standard, the question the court must answer is "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56

8

(emphasis added). Otherwise stated, "[e]ven 'meager' proof will suffice, so long as 'the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.'" Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000). A rationale for this lower evidentiary standard is that these proceedings occur "in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances." Hill, 472 U.S. at 456.

Petitioner contends that the disciplinary hearing officer took certain statements made by him out of context and used them when making her decision, including statements that he was a member of a Hispanic group and that he remained on the basketball court and did not participate in the incident. Even if petitioner is correct on this contention, what matters for due process is whether petitioner had the opportunity to present evidence in his defense and whether there is *any* evidence in the record that supports the disciplinary hearing officer's conclusion. The disciplinary hearing report indicates that the hearing officer did not give as much weight to petitioner's statements as she did to the reporting officer's written account, which stated that positive staff identification and video surveillance indicated that petitioner was involved in the incident. The hearing officer relied on the surveillance video and petitioner's previous statements to Lieutenant Glenn to discredit petitioner's statements that he was not on the volleyball court but rather on the basketball court and that he did not participate in the incident. The hearing officer was free to weigh this evidence against petitioner's own verbal and written statements and conclude that the former was more

9

credible.

Petitioner contends that he was denied access to the surveillance video, which he believes is exculpatory. Procedural due process "requires prison disciplinary officials to disclose material exculpatory evidence to the charged offenders." Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007). However, due process does not require that petitioner be allowed to view the surveillance video. In any event, after closer review of petitioner's allegations, I am convinced that his real objection appears to be that the disciplinary hearing officer did not view or consider the surveillance video. It is clear from the disciplinary report and the incident report that the hearing officer considered the evidence contained in the video and the investigator's report of the video in making her decision.

Petitioner has failed to show that his hearing violated the requirements of 28 C.F.R. § 541.15(a) or § 541.15(b) or the requirements of due process. Therefore the petition for a writ of habeas corpus will be dismissed.

## ORDER

IT IS ORDERED that

1. Petitioner Francisco Javier Estrada's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 is DISMISSED with prejudice for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.


credible.

Petitioner contends that he was denied access to the surveillance video, which he believes is exculpatory. Procedural due process "requires prison disciplinary officials to disclose material exculpatory evidence to the charged offenders." Scruggs v. Jordan, 485 F.3d 934, 939 (7th Cir. 2007). However, due process does not require that petitioner be allowed to view the surveillance video. In any event, after closer review of petitioner's allegations, I am convinced that his real objection appears to be that the disciplinary hearing officer did not view or consider the surveillance video. It is clear from the disciplinary report and the incident report that the hearing officer considered the evidence contained in the video and the investigator's report of the video in making her decision.

Petitioner has failed to show that his hearing violated the requirements of 28 C.F.R. § 541.15(a) or § 541.15(b) or the requirements of due process. Therefore the petition for a writ of habeas corpus will be dismissed.

## ORDER

IT IS ORDERED that

1. Petitioner Francisco Javier Estrada's petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 is DISMISSED with prejudice for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.

2. The clerk of court is directed to enter judgment for respondent Carol Holinka and close this case.

Entered this 27th day of September, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge